FILED

1   Marc Smith, Esq. (SBN #72717)
      Email: marc@kranesmith.com
2   Ralph C. Loeb (SBN #124733)
      Email: ralph@kranesmith.com
3   **KRANE & SMITH**
    16255 Ventura Boulevard, Suite 600
4   Encino, California 91436-2302

5   Telephone: (818) 382-4000
    Facsimile: (818) 382-4001

6

7   Attorneys for Plaintiff Netropa Corporation

2012 JUN -5  PM 3: 55

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

8                **UNITED STATES DISTRICT COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10  NETROPA  CORPORATION,  a | CASE NO.: **CV 12-4927**–DDP
11  California corporation,                              (RZx)

12              Plaintiff,            **COMPLAINT FOR:**

13              vs.            1.   **COPYRIGHT INFRINGEMENT;**
                               2.   **BREACH OF CONTRACT;**
14  TELECOMMUNICATION SYSTEMS,   3.   **BREACH  OF  IMPLIED**
    INC.,  a  Maryland  corporation,        **COVENANT  OF GOOD FAITH**
15  NETWORKS IN MOTION, INC., a        **AND FAIR DEALING; AND**
    Delaware corporation, GLOBALLOGIC,  4.   **UNFAIR BUSINESS PRACTICES**
16  INC., a Delaware corporation, HORIS,
    LTD., a Russian corporation, and DOES
17  1-10,                      **DEMAND FOR TRIAL BY JURY**

18              Defendants.

19

20

21

22

23

24

25

26

27  F:\CLIENTS\NETROPA CORPORATION\PLEADINGS\Complaint v2.wpd        1

28  _____
            COMPLAINT AND DEMAND FOR JURY TRIAL

1    Plaintiff Netropa Corporation alleges for its Complaint as follows:

2    **THE PARTIES**

3    1.    Plaintiff Netropa Corporation ("Plaintiff") is a California corporation,
4    having its principal place of business at 1613 Chelsea Road, #812, San Marino, CA
5    91108.

6    2.    Upon information and belief, Defendant Telecommunications Systems,
7    Inc. ("TCS") is a Maryland corporation, having its principal place of business at 275
8    West Street, Annapolis, MD 21401, and at all relevant times was doing business in the
9    County of Los Angeles and is subject to the jurisdiction of this Court.

10    3.    Upon information and belief, Defendant NETWORKS IN MOTION,
11    INC. ("NIM"), is a Delaware corporation, having its principal place of business at 275
12    West Street, Annapolis, MD 21401, and at all relevant times was doing business in the
13    County of Los Angeles and is subject to the jurisdiction of this Court.  Plaintiff is
14    informed that TCS acquired Networks In Motion, Inc. ("NIM") on or about December
15    15, 2009.

16    4.    Upon information and belief, Defendant GLOBALLOGIC, INC.
17    ("GlobalLogic") is a Delaware corporation, with its headquarters in McLean, Virginia
18    and all relevant times was doing business in the County of Los Angeles and is subject
19    to the jurisdiction of that Court.

20    5.    Upon information and belief, Defendant HORIS, LTD. ("Horis") is a
21    Russian corporation, with its principal place of business in Russia, and at all relevant
22    times is doing business in the County of Los Angeles, and is subject to the jurisdiction
23    of this Court.

24    6.    Plaintiff does not know the true names or capacities of DOES 1 through
25    10. Plaintiff therefore sues them using fictitious names. Each fictitiously named DOE
26    Defendant is an individual or entity that is also responsible and liable along with the

27    F:\CLIENTS\NETROPA CORPORATION\PLEADINGS\Complaint v2.wpd          2

28

1 other Defendants and obligated for the claims and damages and other relief requested.
2 Plaintiff will seek leave of court to amend this Complaint to state the true names and
3 capacities of the fictitiously named Defendants, after ascertained.

4      7.     On information and belief, each Defendant was the agent of each of the
5 others, and committed the acts or omissions alleged herein on behalf of each of the
6 other Defendants. On information and belief, each of the Defendants authorized,
7 approved, ratified or directed the acts or omissions of each of the other Defendants
8 that are alleged herein.

9 **JURISDICTION AND VENUE**

10      8.     This is a civil action involving claims of copyright infringement under the
11 Copyright Act, 17 U.S.C. §101 et seq. and breaches of contract in violation of
12 California law. This Court has subject matter jurisdiction over Plaintiff's federal claim
13 pursuant to 28 U.S.C. §1331 and 1338(a). This Court also has subject matter
14 jurisdiction based on 28 U.S.C. §1332 because Plaintiff is a California corporation and
15 Defendant TCS is incorporated and domiciled in Maryland, Defendant NIM is a
16 Delaware corporation domiciled in Maryland, Defendant GlobalLogic is a Delaware
17 corporation domiciled in Virginia, Defendant Horis is a Russian corporation domiciled
18 in Russia and the amount in controversy exceeds $75,000, exclusive of interest and
19 costs.

20      9.     This Court has supplemental Jurisdiction over Plaintiff's claims arising
21 under the laws of the State of California pursuant to 28 U.S.C. §1367 because these
22 claims are so related to Plaintiff's claims under the federal law that they form part of
23 the same case or controversy, and derive from a common nucleus of operative facts.

24      10.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1)
25 because a substantial part of the events giving rise to the claims occurred in this
26 district.

27

28

11.     Plaintiff and Defendants TCS and NIM are bound by the terms of an agreement with an arbitration clause.  The arbitration clause requires all disputes, excluding intellectual property claims and claims arising from breach of confidentiality, to be arbitrated.  Plaintiff filed a demand for arbitration with JAMS on or about February 3, 2012.  The demand involved claims other than copyright infringement and breach of confidentiality.  Defendants TCS and NIM refused to participate in the arbitration by refusing to pay the nominal initial case management fee of $400.  Accordingly, Defendant TCS's and NIM's refusal to arbitrate has forced Plaintiff to bring those claims in this Court.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

12.     Plaintiff is a developer of computer software used in global positioning system (GPS) navigation and owns the source code for GPS navigation software called "IntelliNav®".  The latest version of the source code for Plaintiff's IntelliNav® software, which was in existence as of January 9, 2009, is registered with the United States Copyright Office as Registration No. TX 7-464-916 ("IntelliNav®2009").  A copy of that Registration is attached as Exhibit "1".  Plaintiff is also the owner of the copyrights of prior versions of its IntelliNav® source code, one of which was created in 2008 ("IntelliNav®2008") and the first of which was created in 2002 ("IntelliNav®2002").  Plaintiff has filed applications for registration of its copyrights in the source code of IntelliNav®2008 and IntelliNav®2002 and submitted the required deposits and fees with the United States Copyright Office. True and correct copies of those applications are attached hereto respectively as Exhibits "2" and "3". Plaintiff's copyrights in the different versions of the source code for the IntelliNav® software are hereafter collectively referred to as "IntelliNav® Source Code".

13.     On or about January 9, 2009, Plaintiff and NIM entered into a written Software Development Agreement ("Software Agreement") and a document entitled

1  "Statement of Work #1" (the "SOW"), which was fully incorporated into the Software

2  Agreement. A copy of the Software Agreement has not been attached hereto because

3  the parties agreed to keep it confidential and Plaintiff has endeavored to disclose only

4  as much of the Software Agreement: (1) as is necessary to state its claims against

5  Defendants, and/or (2) that the confidentiality of which has been vitiated by virtue of

6  Defendants' wrongful conduct. Pursuant to Paragraph 5.1 of the Software Agreement,

7  the IntelliNav® Source Code constituted "Developer Pre-Existing Work" that remains

8  solely owned by Plaintiff, but was licensed to NIM in the manner applicable to

9  "Developer Pre-Existing Work", with the limitations set forth in the Software

10  Agreement ("IntelliNav® Source Code License").

11  ## BREACHES OF THE CONFIDENTIALITY AND ASSIGNMENT

12  ## PROVISIONS OF THE SOFTWARE AGREEMENT AND INFRINGEMENT

13  ## OF PLAINTIFF'S COPYRIGHTS

14  14.    The Software Agreement prohibits the disclosure of confidential

15  information to third parties, and the "use or copy[ing] [of] the [confidential]

16  information for any purpose not contemplated" by the Software Agreement. The

17  Software Agreement also prohibited the disclosure of: (1) the terms of the Software

18  Agreement and (2) NIM from disclosing to third parties that Plaintiff was a licensor

19  to NIM, without Plaintiff's consent.

20  15.    On information and belief based on custom and practice in corporate

21  acquisitions and mergers, prior to TCS's acquisition of NIM in December 2009, NIM

22  improperly disclosed to TCS (who at the time was a third party), the terms of the

23  Software Agreement and the SOW including, but not limited to, that Plaintiff was

24  licensor to NIM, in violation of the confidentiality provisions of the Software

25  Agreement.

26  16.    Furthermore, NIM did not request, or obtain, Plaintiff's consent to

27  F:\CLIENTS\NETROPA CORPORATION\PLEADINGS\Complaint v2.wpd        5

1  disclose any confidential information to TCS or that Plaintiff was a licensor of NIM.
2  NIM's failure to seek Plaintiff's consent for disclosure of confidential information, and
3  ultimately its disclosure of the confidential information to TCS, is consistent with
4  NIM's pattern of failing and refusing to comply with its obligations under the Software
5  Agreement and the SOW throughout the term of the Software Agreement alleged
6  herein.

7       17.    Upon information and belief, NIM disclosed confidential information to
8  TCS to induce TCS to acquire NIM. NIM's license with Plaintiff, i.e., the IntelliNav®
9  Source Code Licence, was a material inducement to TCS, who acquired NIM to
10 "enhance[] [its] portfolio of...location based wireless applications, with
11 market-leading navigation technology..."  NIM was unjustly enriched by sharing
12 Plaintiff's confidential information with TCS without providing Plaintiff the
13 opportunity to negotiate terms upon which Plaintiff would consent to NIM's doing so.
14 Moreover, NIM breached the assignment provisions of the Software Agreement by
15 failing to obtain Plaintiff's consent to NIM's assignment of the Software Agreement
16 to TCS and/or giving Plaintiff written notice of its acquisition by TCS despite its
17 obligation to do so under the Software Agreement.  These breaches are yet more
18 instances of NIM and TCS disregarding their obligations to Plaintiff under the terms
19 of the Software Agreement and SOW.

20      18.    After TCS acquired NIM, TCS breached the confidentiality provisions
21 of the Software Agreement by distributing copies of the IntelliNav® Source Code to
22 third party developers, i.e., Defendants GlobalLogic and Horis. In particular, on at
23 least one occasion, TCS provided Plaintiff's confidential Intellinav® Map and Router
24 materials to Defendant GlobalLogic.   These materials were labeled "Netropa
25 Confidential" and contained confidential data on the organization and file structure of
26 Plaintiff's intellectual property.

27  F:\CLIENTS\NETROPA CORPORATION\PLEADINGS\Complaint v2.wpd          6

28 <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

19.     TCS's distribution of copies of the Intellinav® Source Code to third party developers, i.e., Defendants Globallogic and Horis, also infringed Plaintiff's copyrights in the Intellinav® Source Code because doing so exceeded the scope of the Intellinav® Source Code License. Additionally, Defendant TCS never acquired rights regarding the IntelliNav® Source Code under the IntelliNav® Software Code License because of Defendant NIM's breaches of the assignment related provisions of the Software Agreement.

## BREACHES OF THE PAYMENT PROVISIONS OF THE SOFTWARE AGREEMENT

20.     Pursuant to the Software Agreement and the SOW, Plaintiff was to work on and be paid for the work, to achieve six "Milestones". Pursuant to Section 2.2 of the Software Agreement and page 5 of the SOW, neither party could change the SOW including, but not limited to, the six Milestones, without mutual consent of Plaintiff and NIM.

21.     Pursuant to the Software Agreement and the SOW, NIM was required to pay Plaintiff two types of fees. The first type of fees were flat fees, which were payable in three installments. The second type of fees were consulting fees, which NIM was required to pay Plaintiff each month while Plaintiff worked on each of the six Milestones.

22.     Defendants did not pay the consulting fees as required. This is so because, in breach of the Software Agreement and the SOW, NIM removed Milestone 6 from the SOW without Plaintiff's consent, and without notice to Plaintiff.

23.     NIM's removal of Milestone 6 improperly deprived Plaintiff of at least 3-months of consulting fees. Moreover, Plaintiff relied on NIM's promise to pay the monthly consulting fee throughout all six Milestones in signing the Software Agreement and SOW. Plaintiff also relied on payment for all six Milestones in

negotiating the milestone fees set forth in Section 5 of the SOW.

24. In addition to lost consulting fees, Defendants NIM and TCS failed to timely pay Plaintiff the final installment of the flat fees that was due upon completion of Milestone 6. On information and belief, Defendants NIM and TCS completed Milestone 6 in January 2010. Because Defendants prevented Plaintiff from completing Milestone 6, and instead completed Milestone 6 on their own, the "Testing and Acceptance" provisions of the Software Agreement were rendered inapplicable. Accordingly, the final payment of the flat fees to Plaintiff was due January 2010. Defendant TCS breached this obligation by not paying Plaintiff that flat fee until April 2010 - four months later.

## NIM's AND TCS's FAILURE AND REFUSAL TO CURE THEIR BREACHES OF THE SOFTWARE AGREEMENT HAVE RESULTED IN ITS TERMINATION

25. On or about November 23, 2011, Plaintiff sent a letter to NIM and TCS demanding that they cure a number of breaches, including interest on the late payment of the last flat fee due Plaintiff. The letter notified NIM and TCS that the Software Agreement and the IntelliNav® Source Code License, would terminate pursuant to the terms of the Software Agreement, if they did not cure the breaches.

26. Neither NIM nor TCS cured the breaches despite written notice and demand to cure. Accordingly, the Software Agreement terminated on or about December 23, 2011 pursuant to its own terms.

27. Furthermore, pursuant to Section 11.3(b) of the Software Agreement, the Intellinav® Source Code License also terminated on or about December 23, 2011 when Defendants failed to cure the identified breaches and failed to pay any amounts relating to the flat fee or the consulting fees due pursuant to the Software Agreement. Additionally, Defendant TCS never acquired rights regarding the IntelliNav® Source

F:\CLIENTS\NETROPA CORPORATION\PLEADINGS\Complaint v2.wpd        8

Code under the IntelliNav® Software Code License because of Defendant NIM's breaches of the assignment related provisions of the Software Agreement.

28.     On or about December 27, 2011, Plaintiff notified Defendants NIM and TCS in writing that the Software Agreement and the IntelliNav® Source Code License were terminated.

29.     On information and belief, Defendant TCS continues to infringe Plaintiff's copyrights by using the Intellinav® Source Code, and allowing others to use it, without any right to do so.

## FIRST CLAIM FOR RELIEF

## COPYRIGHT INFRINGEMENT

## AGAINST DEFENDANTS

30.     Plaintiff incorporates by reference paragraphs 1 through 29.

31.     Plaintiff is the sole owner of the Intellinav® Source Code and the corresponding copyrights and Certificates of Registration.

32.     Defendants TCS and NIM infringed the copyrights in the IntelliNav® Source Code by distributing copies of it to unauthorized third party developers, i.e., Defendants GlobalLogic and Horis, in a manner that exceeded the scope of the Intellinav® Source Code License, and without consent of Plaintiff. Additionally, Defendant TCS never acquired rights regarding the IntelliNav® Source Code under the IntelliNav® Software Code License because of Defendant NIM's breaches of the assignment related provisions of the Software Agreement.

33.     Furthermore, upon information and belief, Defendants TCS, NIM, GlobalLogic and Horis infringed the copyrights in the IntelliNav® Source Code by continuing to use, and/or allowing others to use, the IntelliNav® Source Code without the consent of Plaintiff, after the termination of the Software Agreement and the IntelliNav® Source Code License.

COMPLAINT AND DEMAND FOR JURY TRIAL

34.     As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement. Plaintiff has suffered damages including but not limited to the loss of licensing fees of at least millions of dollars.

35.     Defendants' activities have caused and continue to cause substantial injury to Plaintiff, including irreparable harm for which there is no adequate remedy at law. Plaintiff is therefore entitled to injunctive relief prohibiting Defendants from using Plaintiff's intellectual property, including but not limited to its IntelliNav® Source Code.

36.     Defendants have been and are being unjustly enriched by unauthorized use of Plaintiff's copyrighted intellectual property. Defendants should be required to disgorge and turn over to Plaintiff this unjust enrichment.

37.     Plaintiff is entitled to recover its attorneys' fees and costs of suit to the extent permitted by Section 13.3 of the Software Agreement.

## SECOND CLAIM FOR RELIEF
## BREACH OF WRITTEN CONTRACT
## AGAINST DEFENDANTS NIM AND TCS

38.     Plaintiff incorporates by reference paragraphs 1 through 37.

39.     Plaintiff entered into the Software Agreement and SOW with NIM. Thereafter, TCS purports to have acquired NIM's rights under the Software Agreement and SOW through acquisition of NIM and/or assignment of the Software Agreement and SOW so that the terms and conditions of the Software Agreement and SOW bind TCS.

40.     Plaintiff performed all obligations on its part to be performed under the Software Agreement and SOW, except obligations that Plaintiff has been excused from or prevented from performing by NIM's and/or TCS's wrongful conduct.

41.     Defendants NIM and/or TCS breached the Software Agreement and SOW

COMPLAINT AND DEMAND FOR JURY TRIAL

by: (1) removing Milestone 6 from the SOW and depriving Plaintiff of consulting fees in connection with Milestone 6; (2) disclosing confidential information in violation of confidentiality provisions of the Software Agreement as described above; (3) failing to timely pay Plaintiff under the Software Agreement and SOW; (4) violating the assignment related provisions of the Software Agreement in connection with TCS's acquisition of NIM; and (5) utilizing the IntelliNav®Source Code in a manner that exceeded the scope of the Intellinav®Source Code License without Plaintiff's consent.

42.     Furthermore, neither NIM or TCS cured their breaches of the Software Agreement (including the IntelliNav®Source Code License) after being provided a written notice and demand to cure pursuant to the terms of the Software Agreement. Accordingly, the Software Agreement (including the IntelliNav®Source Code License) terminated on or about December 23, 2011 pursuant to its own terms.

43.     On or about December 27, 2011, Plaintiff notified Defendants NIM and TCS in writing that the Software Agreement (including the IntelliNav®Source Code License) was terminated.

44.     As a direct and proximate result of Defendants' breaches, Plaintiff has suffered and continues to suffer substantial harm and monetary damages.

45.     Defendants' breaches of the Software Agreement's confidentiality provisions (Section 10 et seq.) have also caused and continue to cause substantial injury to Plaintiff, including irreparable harm for which there is no adequate remedy at law. The provisions of the Software Agreement acknowledge that "a breach of [the confidentiality provisions] shall cause [Plaintiff] irreparable injury and damage." Plaintiff is therefore entitled to injunctive relief prohibiting Defendants NIM and TCS from using Plaintiff's confidential information and intellectual property, pursuant to the terms of the Software Agreement, including but not limited to its Intellinav® Source Code.

F:\CLIENTS\NETROPA CORPORATION\PLEADINGS\Complaint v2.wpd        11

46.     Plaintiff is entitled to recover its attorneys' fees and costs of suit to the extent permitted by Section 13.3 of the Software Agreement.

## THIRD CLAIM FOR RELIEF

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST DEFENDANTS NIM AND TCS

47.     Plaintiff incorporates by reference paragraphs 1 through 46.

48.     Implied in the Software Agreement and SOW is a covenant of good faith and fair dealing under which Defendants NIM and TCS must not do or fail to do anything that deprives Plaintiff of the benefits of the agreement.

49.     Defendants NIM and TCS breached this covenant. The breach consisted of Defendants NIM and TCS removing Milestone 6 from the SOW. The breach also consisted of providing Plaintiff's confidential information to third parties without the consent of Plaintiff, and utilizing the IntelliNav® Source Code in a manner that exceeded the scope of the Intellinav® Source Code License.

50.     As a direct and proximate result of Defendants NIM's and TCS's breaches of the covenant of good faith and fair dealing, Plaintiff has suffered substantial harm and monetary damages.

51.     Plaintiff is entitled to recover its attorneys' fees and costs of suit to the extent permitted by Section 13.3 of the Software Agreement.

## FOURTH CLAIM FOR RELIEF

## UNFAIR BUSINESS PRACTICES AGAINST DEFENDANTS

52.     Plaintiff incorporates by reference paragraphs 1 through 51.

53.     Defendants' actions of not performing the Software Agreement, not paying, making use of confidential information beyond the authorization of the Software Agreement, making use of copyrighted content beyond the Intellinav® Source Code License, and depriving Plaintiff of the value of Plaintiff's services and

COMPLAINT AND DEMAND FOR JURY TRIAL

property, and benefitting from Plaintiff's services and property beyond the scope provided for or envisioned by the parties' agreement, form a pattern of actions that are unfair, unlawful, unethical and unscrupulous under California statutory and common law, separate and apart from the particular merits of the individual claims for relief alleged above.

54.   Defendants have been and are being unjustly enriched by delay and failure of payment and use of Plaintiff's intellectual property.  Defendants should be required to disgorge and turn over to Plaintiff this unjust enrichment.

55.   Defendants, their officers, directors, agents, employees, representatives, licensees and all persons and entities in active concert or participation with any of them should be enjoined from using Plaintiff's intellectual property and from engaging in the forms of unfair business practices and/or unfair competition alleged and all forms of unfair business practices and/or unfair competition of or concerning or relating intellectual property

## PRAYER FOR RELIEF

Plaintiff prays for relief and judgment against Defendants as follows:

1.   On the first and second and fourth claims, that Defendants, their officers, directors, agents, employees, representatives, licensees and all persons and entities in active concert or participation with any of them, be preliminarily and permanently enjoined from reproducing or allowing others to reproduce, distribute, display or allow others to display, sell, license or use, or allow others to use, in any manner, Plaintiff's intellectual property.

2.   On the fourth claim, that Defendants, its officers, directors, agents, employees, representatives, licensees and all persons and entities in active concert or participation with any of them be enjoined from using Plaintiff's intellectual property and from engaging in unfair business practices of or concerning or relating intellectual

F:\CLIENTS\NETROPA CORPORATION\PLEADINGS\Complaint v2.wpd          13

property.

3.      On the first, second and third claims, for damages according to proof.

4.      On the second and third claims, for declarations that Defendants NIM and TCS breached the assignment related provisions of the Software Agreement, and that the Software Agreement and the IntelliNav® Source Code License were terminated.

5.      On all claims for relief, disgorgement of unjust enrichment.

6.      On all claims for relief, Plaintiff's attorneys' fees and costs incurred in this litigation to the extent authorized by law or agreement.

7.      On all claims for relief, any monetary award include pre and post-judgment interest at the highest rate allowed by law.

8.      For such other relief as the Court considers just and proper.

DATED: June 5, 2012                KRANE & SMITH, APC

                                   By: _Marc Smith_____
                                        MARC SMITH
                                        RALPH C. LOEB
                                        Attorneys for Plaintiff Netropa Corporation

COMPLAINT AND DEMAND FOR JURY TRIAL

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## TX 7-464-916

**Effective date of registration:**

January 6, 2012

## Title

**Title of Work:** IntelliNav for NIM Version 1

## Completion/Publication

**Year of Completion:** 2009

**Date of 1st Publication:** January 15, 2009    **Nation of 1st Publication:** United States

## Author

**Author:** Netropa Corporation

**Author Created:** computer program

**Work made for hire:** Yes

**Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Netropa Corporation

1613 Chelsea Rd., #812, San Marino, CA, 91108, United States

## Limitation of copyright claim

**Material excluded from this claim:** IntelliNav for NIM Version 1 in part makes use of pre-existing software code

**New material included in claim:** computer program, New software code

## Rights and Permissions

**Organization Name:** Netropa Corporation

**Name:** Michael Shiao

**Address:** 1613 Chelsea Rd., #812

San Marino, CA 91108  United States

## Certification

**Name:** Michael Shiao

**Date:** January 5, 2012

**EXHIBIT 1**



**Registration #:** TX0007464916
**Service Request #:** 1-706561211



Lewitt, Hackman, Shapiro, Marshall & Harlan
Tal Grinblat
16633 Ventura Boulevard, 11th Floor
Encino, CA 91436 United States

# *-APPLICATION-*

## Title
**Title of Work:** IntelliNav 2008 Version

## Completion/Publication
**Year of Completion:** 2008

**Date of 1st Publication:** August 1, 2008      **Nation of 1st Publication:** United States

## Author
- **Author:** Netropa Corporation

  **Author Created:** computer program

  **Work made for hire:** Yes

  **Citizen of:** United States      **Domiciled in:** United States

## Copyright claimant
**Copyright Claimant:** Netropa Corporation

1613 Chelsea Rd., #812, San Marino, CA, 91108, United States

## Limitation of copyright claim
**Material excluded from this claim:** IntelliNav 2008 Version in part makes use of pre-exisiting code

**New material included in claim:** computer program, New software code

## Rights and Permissions
**Organization Name:** Netropa Corporation

**Name:** Michael Shiao

**Email:** michael.shiao@netropa.com

**Address:** 1613 Chelsea Rd., #812

San Marino, CA 91108 United States

## Certification

EXHIBIT 2

**Name:**   Ralph Loeb

**Date:**   June 1, 2012

**Registration #:**

**Service Request #:** 1-775069941

**Priority:** Routine

**Application Date:** June 1, 2012 07:09:48 PM

## Correspondent

**Organization Name:** Krane & Smith

**Name:** Ralph Loeb

**Email:** ralph@kranesmith.com

**Telephone:** 818-382-4000

**Address:** 16255 Ventura Blvd., Suite 600
Encino, CA 91436 United States

**Fax:** 818-382-4001

## Mail Certificate

Krane & Smith
Ralph Loeb
16255 Ventura Blvd., Suite 600
Encino, CA 91436  United States

# *-APPLICATION-*

## Title

Title of Work: IntelliNav 2002 Version

## Completion/Publication

Year of Completion: 2002

Date of 1st Publication: April 28, 2003          Nation of 1st Publication: United States

## Author

■          Author: Netropa Corporation

Author Created: computer program

Work made for hire: Yes

Citizen of: United States          Domiciled in: United States

## Copyright claimant

Copyright Claimant: Netropa Corporation

1613 Chelsea Rd., #812, San Marino, CA, 91108, United States

## Rights and Permissions

Organization Name: Netropa Corporation

Name: Michael Shiao

Email: michael.shiao@netropa.com

Address: 1613 Chelea Rd., #812

San Marino, CA 91108  United States

## Certification

Name: Ralph Loeb

Date: June 1, 2012

## EXHIBIT 3

**Registration #:**
**Service Request #:**  1-775031171
**Priority:**  Routine                          **Application Date:**  June 1, 2012 07:15:19 PM

## Correspondent

**Organization Name:** Krane & Smith

**Name:** Ralph  Loeb

**Email:** ralph@kranesmith.com                        **Telephone:** 818-382-4000

**Address:** 16255 Ventrua Blvd., Suite 600
Encino, CA 91436 United States

**Fax:** 818-382-4001

## Mail Certificate

Krane & Smith
Ralph Loeb
16255 Ventura Blvd., Suite 600
Encino, CA 91436  United States

1

## DEMAND FOR JURY TRIAL

2        Plaintiff hereby demands a jury trial in this action.

3   DATED: June 5, 2012                KRANE & SMITH, APC

4

5                                      By: _____
                                           MARC SMITH
6                                          RALPH C. LOEB
7                                      Attorneys for Plaintiff Netropa Corporation

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   F:\CLIENTS\NETROPA CORPORATION\PLEADINGS\Complaint v2.wpd        15

28   ─────────────────────────────────────────────────
                    COMPLAINT AND DEMAND FOR JURY TRIAL